UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BETH ANN KUHN,

      Plaintiff,

  v.

CAROLYN W. COLVIN,

      Defendant.

Case No. C15-5109JLR

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

## I. INTRODUCTION

Plaintiff Beth Ann Kuhn seeks review of the denial of her application for disability insurance benefits. Plaintiff contends that the Administrative Law Judge ("ALJ") erred in assessing the medical evidence in the record, Plaintiff's credibility, and Plaintiff's residual functional capacity ("RFC"). (Op. Br. (Dkt. # 8) at 1.) As discussed below, the court AFFIRMS Defendant Commissioner Carolyn W. Colvin's final decision and DISMISSES the case with prejudice.

## II. BACKGROUND

On January 4, 2012, Plaintiff applied for benefits, alleging disability as of December 14, 2011. (Administrative Record ("AR") (Dkt. # 4) at 17.) Plaintiff's

ORDER - 1

applications were denied initially and on reconsideration. (*Id.*)  After the ALJ conducted a hearing on May 1, 2013, the ALJ issued a decision finding Plaintiff not disabled. (AR at 17-24.)

The ALJ utilized the five-step disability evaluation process,[1] and his findings are summarized as follows:

> **Step one**:  Plaintiff has not engaged in substantial gainful activity since December 14, 2011, the alleged onset date.
>
> **Step two**:  Plaintiff has the following severe impairments: obesity and thoracic aortic arch aneurysm status post thoracotomy and open repair.
>
> **Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]
>
> **Residual functional capacity**:  Plaintiff can perform light work as defined in 20 C.F.R. § 404.1567(b).  She can occasionally climb ladders, ropes, or scaffolds.  She can frequently climb ramps and stairs.  She can occasionally bend, kneel, stoop, crouch, and crawl.  She should avoid concentrated exposure to extreme cold, extreme heat, vibration, industrial strength fumes, odors, dusts, gases or other pulmonary irritants, and hazards.
>
> **Step four**:  As Plaintiff is capable of performing past relevant work as a floor attendant and arcade attendant, Plaintiff is not disabled.

(*See* AR at 19-24.)  The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (*See* AR at 1-6.)[3]

### III.   ANALYSIS

Pursuant to 42 U.S.C. § 405(g), this court may set aside the Commissioner's

---

[1] 20 C.F.R. § 416.920.

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

ORDER - 2

denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

### A. Evaluation of the Medical Evidence

Plaintiff argues that the ALJ erred in evaluating the medical evidence. (*See* Op. Br. at 2-8.)[4] The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999).

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the court itself may draw "specific and legitimate inferences from

---

[4] In the section of Plaintiff's opening brief arguing that the ALJ improperly evaluated the medical evidence, Plaintiff outlines the findings of Satyavardhan Pulukurthy, M.D., and Shankar Sundaram, M.D., and summarily argues that the ALJ erred by failing to acknowledge that this medical evidence fully supported Plaintiff's testimony and could reasonably be expected to explain all of her alleged symptoms and limitations. (*See* Op. Br. at 2-7.) This argument, then, actually alleges error in the ALJ's evaluation of Plaintiff's credibility and will be addressed in that section of the court's analysis.

ORDER - 3

the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

Plaintiff argues that the ALJ erred by giving too much weight to the opinions of state agency medical consultants Elizabeth St. Louis, M.D., and Dennis Koukol, M.D. (*See* Op. Br. at 7-8.)  The court disagrees.

A state agency medical consultant is a "highly qualified" physician with expertise in evaluating "medical issues in disability claims."  Social Security Ruling ("SSR") 96-6p, 1996 WL 374180. at *2.  An ALJ is not bound by findings made by state agency physicians, but the ALJ may not ignore these opinions and must explain the weight given to the opinions in his or her decision.  *See id.*  An ALJ must also evaluate the degree to which the providers of these opinions consider all of the pertinent evidence, including opinions of treating and other examining sources.  *See* 20 C.F.R. § 404.1527(c)(3).

Here, the ALJ gave great weight to the opinions of Dr. St. Louis and Dr. Koukol because they were consistent with clinical findings in the record and because the doctors had the benefit of reviewing the record.  (*See* AR at 23.)  Plaintiff first argues that the opinions were not in fact consistent with the clinical findings of Dr. Pulukurthy and Dr. Sundaram, which "support a limitation to sedentary work." (Op. Br. at 7.)  However, Plaintiff does not specifically identify which clinical findings show that she was limited to sedentary work.  As the ALJ explained elsewhere in his decision, while the record contains evidence of symptoms that required surgeries, postoperative examinations showed appropriate recovery and normal findings.  (*See* AR at 22, 353, 458, 460.)  Furthermore, Plaintiff presents no evidence that either Dr. Pulukurthy or Dr. Sundaram

ORDER - 4

opined that Plaintiff was limited to sedentary work; Plaintiff simply alleges this limitation based on her own interpretation of the medical evidence.

Second, Plaintiff argues that the ALJ erred by giving great weight to the opinions of the state agency medical consultants because the consultants did not in fact review any evidence beyond April 2012.  (*See* Op. Br. at 7.)  However, Plaintiff fails to show how the opinions, and therefore the resulting RFC, are no longer supported by substantial evidence.  *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected his 'substantial rights,' which is to say, not merely his procedural rights.") (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (finding error harmless where it is irrelevant to ALJ's ultimate disability conclusion).  The leg pain for which Plaintiff sought surgery in December 2012 improved after the operation.  (*See* AR at 458, 460.)  No physician assessed any limitations beyond those in the RFC during the period after the state agency medical consultants offered their opinions.  Therefore, any error in relying on the opinions is harmless.

**B.  Evaluation of Plaintiff's Credibility**

Plaintiff argues that the ALJ erred in assessing her credibility.  (*See* Op. Br. at 8-13.)  The court disagrees.

Questions of credibility are solely within the control of the ALJ.  *See Sample*, 694 F.2d at 642.  The court should not "second-guess" this credibility determination.  *Allen v.*

ORDER - 5

*Heckler*, 749 F.2d 577, 580 (9th Cir. 1984).  To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted).  The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*.; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).  Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834.  That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

Here, the ALJ found Plaintiff's allegations not fully credible because they were inconsistent with her daily activities.  (*See* AR at 23.)  The Ninth Circuit has recognized that an ALJ may use a claimant's daily activities to form the basis of an adverse credibility determination when they contradict the claimant's other testimony.  *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).  The ALJ noted Plaintiff's testimony that she could not sit for more than an hour, could not stand for more than 20 minutes at a time, could not walk more than a block at a time or for more than 15 minutes without needing to rest for 10 minutes, and generally needed to rest after 30 to 60 minutes of any activity.  (*See* AR at 22-23, 40-41, 182.)  The ALJ then outlined activities that were inconsistent with these limitations, including performing household chores without help, going grocery shopping, going to a quilt club, going to the casino, doing Tai Chi, and traveling

to Missouri.  (*See* AR at 23, 39, 43-44, 46, 179-81.)

Plaintiff argues that the ALJ's failure to properly evaluate the medical evidence from Dr. Sundaram and Dr. Pulukurthy "tainted his evaluation of [Plaintiff's] testimony." (Op. Br. at 8-9.)  However, Plaintiff fails to argue with any specificity how the ALJ improperly evaluated that evidence.  Instead Plaintiff simply lists the evidence and asks the court to interpret it differently than the ALJ interpreted it.  (*See* Op. Br. at 2-7.)  It is not the role of this court to reweigh the evidence or substitute its judgment for that of the Commissioner.  *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  The ALJ provided a clear and convincing reason supported by substantial evidence for discounting Plaintiff's testimony.  Therefore, the ALJ did not err in assessing Plaintiff's credibility.

### C. Evaluation of Plaintiff's RFC and the ALJ's Step Four Finding

Plaintiff argues that given the ALJ's harmful errors alleged above, the RFC assessed by the ALJ is incomplete, and the step four finding is not supported by substantial evidence.  (*See* Op. Br. at 13-15.)  However, because the ALJ did not commit any harmful error in evaluating the medical evidence or Plaintiff's credibility, Plaintiff has not shown error in the RFC or in the step four finding that she is capable of performing past work.

//

//

//

//

ORDER - 7

## IV. CONCLUSION

For the foregoing reasons, the court AFFIRMS the Commissioner's final decision and DISMISSES this case with prejudice.

DATED this 21st day of January, 2016.

JAMES L. ROBART
United States District Judge

ORDER - 8